AO 91 (rev.11/11) Criminal Complaint        AUTHORIZED AND APPROVED DATE:_____

# United States District Court
## for the
_____WESTERN_____ DISTRICT OF _____OKLAHOMA_____

United States of America )
          v. )
Jorge Luis Villarreal, )

Case No: M-20- 542 -STE

FILED

11:03 am, Nov 02, 2020
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: Andrea Caster, Deputy Clerk

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about March 23, 2020, through October 30, 2020, in the Western District of Oklahoma and elsewhere, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(1)(A) | Dealing Firearms Without a License |
| 18 U.S.C. § 924(n) | Traveling Interstate to Deal Firearms Without a License |

This criminal complaint is based on these facts:

See attached Affidavit of Special Agent Jared Lowe, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) which is incorporated and made a part hereof by reference.

☐ Continued on the attached sheet.

*Complainant's signature*
Jared Lowe
Special Agent
ATF

Sworn to before me and signed in my presence.

Date: **Nov 2, 2020**

*Judge's signature*

City and State: Oklahoma City, Oklahoma

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

State of Oklahoma )
) ss.
County of Oklahoma )

AFFIDAVIT OF PROBABLE CAUSE
IN SUPPORT OF ARREST WARRANT

I, Jared H. Lowe, being duly sworn, depose and state:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") located in Oklahoma City, Oklahoma. I have been employed with ATF since January 11, 2015. Prior to working as a Special Agent for the ATF, I was a police officer in the State of Oklahoma for approximately 10 years. As part of my duties as a Special Agent with ATF, I investigate criminal violations related to firearms trafficking and the illegal possession of firearms by prohibited persons. I have been involved in several investigations involving illegal firearms possession, as well as domestic and international firearms trafficking. I have received specialized training, and have developed knowledge from more experienced agents in investigating the illicit purchase, transportation, sale, possession, and trafficking of firearms in violation of 18 U.S.C. §§ 922(a)(1)(A), 922(g)(1-9), and 924(n).

2. The statements contained in this affidavit are based, in part, upon my own personal investigation, information provided by Special Agents of the ATF and other law enforcement officers, conversations with other law enforcement officers involved in this investigation, and my background and experience as a Special Agent of the ATF. This

affidavit contains information necessary to support the Complaint and is not intended to include every fact, or matter observed or known by me.

3. This affidavit is presented for the limited purpose of seeking a Federal Complaint and arrest warrant for, **Jorge Luis VILLARREAL (DOB XX/XX/1979).** This Complaint arrest warrant is being sought for a violation of United States Code, Title 18, Sections 922(a)(1)(A) and 924(n).

4. On or about September 14, 2020, the ATF Oklahoma City Field Office received information regarding seven firearms that were recovered in Reynosa, Tamaulipas, Mexico. Five of the seven recovered firearms had a time-to-crime (TTC) of one week or less and the remaining two recovered firearms had a TTC of less than one year. The investigation revealed that R.P. originally purchased the seven firearms. Prior to making contact with R.P., ATF Agents were able to obtain a list of firearms purchased by R.P. since January of 2019. During this time, R.P. has purchased approximately 221 firearms. Of the total 221 firearms, R.P. has purchased approximately 82 firearms since December of 2019.

5. On October 7, 2020, a consensual, non-custodial interview was conducted with R.P. During the interview, R.P. admitted to "straw purchasing" the seven recovered firearms on behalf of **VILLARREAL**. R.P. stated that he has purchased and re-sold approximately 100 firearms in the past year to **VILLARREAL**. R.P. explained that **VILLARREAL** would

request specific makes, models, and calibers of firearms, and if R.P. did not have the specific firearm requested, he would find the firearms online, purchase the firearms, and then re-sell them to **VILLARREAL.** R.P. admitted to purchasing these firearms with the intent of direct re-sale to **VILLARREAL**. R.P. stated that he and **VILLARREAL** had made these types of transactions almost monthly over the past year, and the most recent transaction occurred approximately one month prior to R.P.'s interview with ATF Agents.

      6.      R.P. informed the agents that he had been in contact with **VILLARREAL** via cell phone, primarily communicating via text messages. R.P. said **VILLARREAL** travels from Texas to the Oklahoma City area to collect the purchased firearms from him. **VILLARREAL** claimed that his co-workers like to purchase the firearms from him. R.P. described **VILLARREAL** as being organized and detail oriented regarding their transactions. R.P. said that **VILLARREAL** often made statements about which type of firearms were selling, and which type of firearms were harder to sell. Finally, **VILLARREAL** has asked R.P. to introduce him to other individuals willing to purchase firearms and re-sell them to **VILLARREAL**. At the conclusion of the interview, R.P. granted agents consent to search his cellular telephone. Located within the texts messages, the information provided by R.P., such as where **VILLARREAL** lives, what firearms sell the

best, and specific firearms attempting to be obtained by **VILLARREAL,** was verified by agents. Agents were also able to ascertain, via the text messages, where **VILLARREAL** has been purchasing firearms from R.P. since at least March 23, 2020.

7. A query of past and/or pending Federal Firearms License applications was conducted pertaining to **VILLARREAL**. ATF records show no pending and/or previous applications for a license to deal firearms relating to **VILLARREAL**.

8. On October 27, 2020, with the assistance of R.P., **VILLARREAL** began texting an ATF Undercover agent. The ATF Undercover agent was posing as a seller of firearms in the Oklahoma City area. Ultimately, **VILLARREAL** agreed to purchase twelve (12) firearms (pistols) from the ATF Undercover agent for approximately $5,800.00.

9. On October 28, 2020, ATF was granted a search warrant for GPS data relating to **VILLARREAL**'s cellular telephone. The GPS data is consistent with showing **VILLARREAL** located in the McAllen, Texas area. This GPS data was consistently "pinging" in the McAllen, Texas area during the time **VILLARREAL** was in contact with the ATF Undercover agent. This information was verified by ATF agents located in McAllen, Texas, who observed **VILLARREAL** coming and going from a residence located at 215 W. Albatross, Apartment "D", Pharr, Texas 78577.

10. The investigation also revealed that when **VILLARREAL** travels to the Oklahoma City area, he has met with at least one other individual, C.J., to purchase firearms. A consensual interview with C.J. indicated that **VILLARREAL** communicates with C.J. via cell phone, primarily through text messages. Somewhat similar to R.P., C.J. stated that he would purchase firearms he found online, primarily via Armslist.com, and then re-sell them to **VILLARREAL**. C.J. stated that he has met with **VILLARREAL** two or three times and sold **VILLARREAL** between 30 and 40 firearms. C.J. said **VILLARREAL** typically times his trips to Oklahoma City to coincide with local gun shows.

11. On October 31, 2020, **VILLARREAL** met with and attempted to purchase twelve (12) firearms from an ATF Undercover agent in Oklahoma City, Oklahoma. At the conclusion of the undercover operation, **VILLARREAL** was interviewed. Post-Miranda, **VILLARREAL** admitted to travelling from the McAllen, Texas area to Oklahoma City, Oklahoma with the intent to purchase twelve (12) firearms for $5,800.00 in US Currency. **VILLARREAL** also admitted to purchasing numerous firearms in and around the Oklahoma City, Oklahoma area since approximately January 2020. **VILLARREAL** admitted to re-selling the purchased firearms for profit at gun shows in Oklahoma and Texas. **VILLARREAL** further admitted to purchasing firearms in Oklahoma from R.P. and C.J., and then taking the

firearms into Mexico to sell for a slightly larger profit. **VILLARREAL** admitted to taking approximately fifty-nine (59) firearms into Mexico for re-sale.

Based upon the aforementioned facts and circumstances, I believe that probable cause exists that from about March 2020 until present, in Oklahoma City, Oklahoma, in the Western District of Oklahoma, **Jorge Luis VILLARREAL,** was dealing in firearms without a license, in violation of Title 18 United States Code, Section 922(a)(1)(A), and traveled interstate to deal firearms without a license, in violation of Title 18 United States Code, Section 924(n).

Jared H. Lowe
Special Agent - ATF

Sworn to before me, and subscribed in my presence on this 2nd day of Nov., 2020.

SHON T. ERWIN
United States Magistrate Judge