## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. **CR-20-317-SLP** |
| | ) | |
| JORGE LUIS VILLARREAL, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

### Introduction

1.      This Plea Agreement, in conjunction with a Plea Supplement filed contemporaneously under seal, contains the entire agreement between Defendant Jorge Luis Villarreal and the United States concerning Defendant's plea of guilty in this case. No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties.  Any unilateral modification of this Plea Agreement is hereby rejected by the United States.  This Plea Agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth.  This Plea Agreement binds only the United States Attorney's Office for the Western District of Oklahoma and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  If Defendant does not accept the terms of this Plea Agreement by **March 9, 2021**, the offer is withdrawn.

## Guilty Plea

2.      Defendant agrees to enter a plea of guilty to Count 1 in Case Number CR-20-317-SLP, which charges him with conspiracy to deal firearms without a license, in violation of 18 U.S.C. § 371. To be found guilty of violating 18 U.S.C. § 371, as charged in Count 1 of the Indictment, Defendant must admit, and does admit, that from on or about March 23, 2020, through on or about October 31, 2020, within the Western District of Oklahoma: (1) Defendant agreed to violate the law (dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A)) with one or more persons; (2) he knew the essential objectives of the conspiracy; (3) he knowingly and voluntarily participated in the conspiracy; and (4) the alleged co-conspirators were interdependent.

## Maximum Penalty, Restitution, and Special Assessment

3.      The maximum penalty that could be imposed as a result of this plea is 5 years of imprisonment or a fine of $250,000.00, or both such fine and imprisonment, as well as a mandatory special assessment of $100.00 and a term of supervised release of not more than 3 years.

4.      In addition to the punishment described above, a plea of guilty can affect immigration status. If Defendant is not a citizen of the United States, a guilty plea may result in deportation and removal from the United States, may prevent Defendant from ever lawfully reentering or remaining in the United States, and may result in the denial of naturalization. If Defendant is a naturalized citizen of the United States, a guilty plea may result in denaturalization.

2

5.     In addition, the Court must order the payment of restitution to any victim(s) of the offense. Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A, the parties further agree that, as part of the sentence resulting from Defendant's plea, the Court will enter an order of restitution to all victims of Defendant's relevant conduct as determined by reference to the United States Sentencing Guidelines (the "Guidelines").

6.     Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing. Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments. If the Court imposes a schedule for payment of restitution, Defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing other means by which to satisfy Defendant's full and immediately enforceable financial obligations. Defendant accepts a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court. Defendant further understands that a failure to abide by the terms of any restitution schedule imposed by the Court may result in further action by the Court.

7.     For certain statutory offenses, the Court must also impose a term of supervised release, which Defendant will begin to serve after being released from custody. For all other offenses, the Court may impose a term of supervised release to be served following release from custody. During the term of supervised release, Defendant will be subject to conditions that will include prohibitions against violating local, state, or federal law, reporting requirements, restrictions on travel and residence, and possible testing for

controlled substance use.  If Defendant violates the conditions of supervised release, the Court may revoke Defendant's supervised release and sentence Defendant to an additional term of imprisonment.  This additional term of imprisonment would be served without credit for the time Defendant successfully spent on supervised release.  When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Financial Disclosures

8.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or any other third party.  Upon request by the United States, Defendant agrees (1) to complete truthfully and sign under penalty of perjury a Financial Statement of Debtor by the change-of-plea hearing, or a date otherwise agreed to by the United States, and (2) to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changes.  Defendant understands that the United States will take Defendant's compliance with these requests into account when it makes a recommendation to the Court regarding Defendant's acceptance of responsibility.

9.      Defendant also expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant, in order to evaluate Defendant's ability to satisfy any financial obligations imposed by the Court.  Finally, Defendant agrees to notify the Financial Litigation Unit ("FLU") of the United States Attorney's Office and to obtain permission from FLU before Defendant transfers any interest in property with a value

exceeding $1,000, owned directly, indirectly, individually, or jointly by Defendant, including any interest held or owned under any name, including trusts, partnerships, or corporations.    Defendant acknowledges a continuing obligation to notify and obtain permission from FLU for any transfers of the above-described property until full satisfaction of any restitution, fine, special assessment, or other financial obligations imposed by the Court.

## Forfeiture

10.    Defendant agrees to forfeit to the United States voluntarily and immediately all of Defendant's right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461, including but not limited to:

1.    Hi-point, model C, 9mm caliber pistol, bearing serial number P204734;

2.    Rock Island Armory (Armscor), model TCM9R, .22 caliber pistol, bearing serial number AC18536;

3.    Glock GmbH, model 19X, 9mm caliber pistol, bearing serial number BGRP933;

4.    Glock GmbH, model 20C, 10mm caliber pistol, bearing serial number SGH900;

5.    Glock GmbH, model 23, .40 caliber pistol, bearing serial number PXP691;

6.    Springfield Armory, model XDM-10, 10mm caliber pistol, bearing serial number AT223499;

7.    Springfield Armory, model XDM-10, 10mm caliber pistol, bearing serial number AT168456;

8.    Fabrique National (FN), model 509, 9mm caliber pistol, bearing serial

number GKS0008468;

9.    Glock GmbH, model 17, 9mm caliber pistol, bearing serial number DD495;

10.    Hi-Point, model JCP, .40 caliber pistol, bearing serial number X7277158;

11.    Heckler & Koch, model VP9SK, 9mm caliber pistol, bearing serial number 232-027924;

12.    Palmetto State Armory, model PSAK47, 7.62 x 39mm caliber rifle, bearing serial number AKB019042;

13.    Palmetto State Armory, model AK-P7, 7.62 x 39mm caliber rifle, bearing serial number P7-001449;

14.    Savage, model Rascal, .22 caliber pistol, bearing serial number 3313819;

15.    Sig Sauer, model Sig 716, 7.62 x 39mm caliber rifle, bearing serial number 22C015425;

16.    Palmetto State Armory, model PG9, 9mm caliber pistol, bearing serial number PS9G005350;

17.    Waffen Werks, model AK-74, 7.62 x 39mm caliber rifle, bearing serial number WW02630;

18.    Mossberg, model 930, 12 gauge shotgun, bearing serial number AF156566;

19.    Linyi Junxing (Norinco DDI), model Cheetah, 12 gauge shotgun, bearing serial number 0015230126003482;

20.    Smith & Wesson, model M&P 15-22, .22 caliber pistol, bearing serial number DFK9745;

21.    Remington, model 597, .22 caliber rifle, bearing serial number D2931554;

22.    Rock Island Armory (Armscor), model M5, 12 gauge shotgun, bearing serial number RIA1669603;

23.    Henry Repeating Arms, model H001, .22 caliber rifle, bearing serial number 945813H;

24.     Canik55, model TP9 Elite SG, 9mm caliber pistol, bearing serial number T6472-20 BN08777;

25.     CZ, model P-10 C, 9mm caliber pistol, bearing serial number C750232;

26.     CZ, model P-10 S, 9mm caliber pistol, bearing serial number UC04084;

27.     Canik55, TP9 Elite SG, 9mm caliber pistol, bearing serial number T6472-20CB22128;

28.     Sarsilmaz (SAR arms), Sar 9, 9mm caliber pistol, bearing serial number T1102-20BV60000;

29.     Sarsilmaz (SAR Arms), Sar 9, 9mm caliber pistol, bearing serial number T1102-20BV60001;

30.     Sarsilmaz (SAR Arms), Sar 9, 9mm caliber pistol, bearing serial number T1102-20BV60006;

31.     Springfield Armory, model XDM Elite, 9mm caliber pistol, bearing serial number AT239147;

32.     Tavor, model X95, 5.56mm rifle, bearing serial number T0077076;

33.     Fabrique National (FN), model FNX 40, .40 caliber pistol, bearing serial number FX2U039973;

34.     CZ, model CZ-75 P-01, 9mm caliber pistol, bearing serial number C874643;

35.     Franklin Armory, Lower Receiver, "Pistol", bearing serial number P-13057;

36.     Kriss, model Vector, 9mm caliber rifle, bearing serial number 919P009005;

37.     Kel-Tec, model Sub 2000, 9mm caliber rifle, bearing serial number FF9W96;

38.     Palmetto State Armory, model AKV, 9mm caliber pistol, bearing serial number AKV001716;

39.     Dickinson Kamando, model XX2d-M-2, 12 gauge shotgun, bearing serial number 203313343;

40.  Marlin, model 1894, .44 caliber rifle, bearing serial number MR498181;

41.  Hi-Point, model 4095, .40 caliber rifle, bearing serial number H82438;

42.  Palmetto State Armory, Lower Receiver, PA-15, bearing serial number SCD800752;

43.  Springfield Armory, model XDM Elite, 9mm caliber pistol, bearing serial number AT291414;

44.  Kel-Tec, model P17, .22LR caliber pistol, bearing serial number G0F79;

45.  Arsenal Firearms, model IT-14, 9mm caliber pistol, bearing serial number AF1497A;

46.  STI, Staccato C, 9mm caliber pistol, bearing serial number EH1775;

47.  Springfield Armory, model Saint Edge, Multi, bearing serial number SE77780;

48.  Rock Island Armory (Armscor), model 1911ATFS Tactical, .22LR caliber pistol, bearing serial number TCM046069;

49.  Springfield Armory, model XDM Elite, 9mm caliber pistol, bearing serial number BY254012;

50.  Glock GmbH, model 40 Gen4, 10mm caliber pistol, bearing serial number BGKX574;

51.  Glock, model 45, 9mm caliber pistol, bearing serial number BMFE985;

52.  Kimber, model Stainless LW, 9mm caliber pistol, bearing serial number KF85787;

53.  Glock GmbH, model 19 Gen5, 9mm caliber pistol, bearing serial number BNSL142;

54.  Glock GmbH, model 34 Gen5, 9mm caliber pistol, bearing serial number BHRD262;

55.  Smith & Wesson, model SW22 Victory, .22 caliber pistol, bearing serial number UEA5504;

8

56. Sarsilmaz (SAR Arms), model K-12 Sport, 9mm caliber pistol, bearing serial number T1102-19BR00880;

57. Kel-Tec, model P17, .22LR caliber pistol, bearing serial number G3B91;

58. Arex, Rex, model Zero 1 S, 9mm caliber pistol, bearing serial number A06393;

59. Arex, Rex, model Zero 1 S, 9mm caliber pistol, bearing serial number A08896;

60. Arex, Rex, model Zero 1 CP, 9mm caliber pistol bearing serial number A22679;

61. Sig Sauer, model P226, 9mm caliber pistol, bearing serial number 47E029110;

62. Arex, Rex, model Zero 1 S, 9mm caliber pistol, bearing serial number; A06695;

63. STI (Taran Tactical), model 2011, 9mm caliber pistol, bearing serial number TX13040;

64. Kel-Tec, model P17, .22LR caliber pistol, bearing serial number G3C63;

65. CZ, model 75, 9mm caliber pistol, bearing serial number C953849;

66. CZ, model 75, 9mm caliber pistol, bearing serial number C898388;

67. IWI, model Masada, 9mm caliber pistol, bearing serial number M1000327;

68. Sig Sauer, model P320, 9mm caliber pistol, bearing serial number 58H077077;

69. Springfield Armory, model XDM-9 compact, 9mm caliber pistol, bearing serial number MG495748;

70. Glock GmbH, model 29 Gen4, 10mm caliber pistol, bearing serial number BDWR221;

71. Heckler & Koch (H&K), model USP Tactical, .40 caliber pistol, bearing serial number 22-102670;

72.  Tangfolio, model Witness P Match, 10mm caliber pistol, bearing serial number MT44871;

73.  Sig Sauer, model P320X5, 9mm caliber pistol, bearing serial number 58B275844;

74.  Sarsilmaz (SAR Arms), model Sar 9, 9mm caliber pistol, bearing serial number T1102-17BV03866;

75.  Fabrique National (FN), model Five-Seven, 5.7 x 28mm caliber pistol, bearing serial number 386282698;

76.  CZ, model P-07, 9mm caliber pistol, bearing serial number C914488;

77.  Springfield Armory, model XDM-9, 9mm caliber pistol, bearing serial number MG868487;

78.  Springfield Armory, model XDM-10, 10mm caliber pistol, bearing serial number HM501465;

79.  Glock GmbH, model P80, 9mm caliber pistol, bearing serial number BNLT574;

80.  Glock GmbH, model 44, .22 caliber pistol, bearing serial number ADUN746;

81.  Glock GmbH, model 32, .357 caliber pistol, bearing serial number PGZ263;

82.  Sig Sauer, model P365, 9mm caliber pistol, bearing serial number 66A328840;

83.  Sig Sauer, model P320X VTAC, 9mm caliber pistol, bearing serial number 58J060357;

84.  Taurus, model TX, .22LR caliber pistol, bearing serial number 1PT031850;

85.  Taurus, model Tracker, .22LR caliber pistol, bearing serial number FW669781;

86.  CZ, model 75 P-01, 9mm caliber pistol, bearing serial number D318135;

87.  Para Ordinance, model P16, .40 caliber pistol, bearing serial number SJ2051;

88. Springfield Armory, model XDM Elite, 9mm caliber pistol, bearing serial number BY342561;

89. Sig Sauer, model P226, 9mm caliber pistol, bearing serial number 47C025940;

90. Steyr Arms, model L9-A2MF, 9mm caliber pistol, bearing serial number 3182509;

91. Sig Sauer, model P320, 9mm caliber pistol, bearing serial number 58H119294;

92. Arex Rex, model Zero 1 T, 9mm caliber pistol, bearing serial number A16392;

93. Archon Arms, model Type B, 9mm caliber pistol, bearing serial number AA0001206;

94. Fabrique National (FN), model 519, 9mm caliber pistol, bearing serial number GKS0089977;

95. Glock GmbH, model 23C, .40 caliber pistol, bearing serial number NGD804;

96. Beretta, model APX, 9mm caliber pistol, bearing serial number A073486X;

97. Smith & Wesson, model M&P9, 9mm caliber pistol, bearing serial number NEC9901;

98. CZ, model Shadow II, 9mm caliber pistol, bearing serial number D035762;

99. Hudson, model H9, 9mm caliber pistol, bearing serial number H01883;

100. Fabrique National (FN), model 509, 9mm caliber pistol, bearing serial number GKS0033469;

101. Ruger, model Super Redhawk Alaskan, .44 magnum caliber pistol, bearing serial number 530-52625;

102. CZ, model 75B, 9mm caliber pistol, bearing serial number C837647;

103. CZ, model 75SP-01, 9mm caliber pistol, bearing serial number C560295;

104. Beretta, model M9A3, 9mm caliber pistol, bearing serial number BER772222;

105. Fabrique National (FN), model FNX-45, .45 caliber pistol, bearing serial number FX3U127816;

106. Glock GmbH, model 20 Gen4, 10mm caliber pistol, bearing serial number BLEG752;

107. Springfield Armory, model Hellcat, 9mm caliber pistol, bearing serial number AT231575;

108. Glock GmbH, model 17 Gen4, 9mm caliber pistol, bearing serial number BGTG335;

109. Glock GmbH, model 24, .40 caliber pistol, bearing serial number RXB322;

110. Heckler & Koch, model VP9L-B, 9mm caliber pistol, bearing serial number 224-285890;

111. Springfield Armory, model XDM Elite, 9mm caliber pistol, bearing serial number AT233031;

112. Fabrique National (FN), model FN 509, 9mm caliber pistol, bearing serial number GKS0097900;

113. Springfield Armory, 1911 RO Target, .45 caliber pistol, bearing serial number NM627818;

114. Smith & Wesson, model M&P 380 Shield EZ, .380 caliber pistol, bearing serial number NFK1944;

115. Sturm, Ruger & Co., Inc., model 10/22, .22 caliber rifle, bearing serial number 824-37437;

116. Sturm, Ruger & Co., Inc., model PC9 Carbine, 9mm caliber rifle, bearing serial number 910-06030;

117. Maverick Arms (Mossberg O.F. & Sons), model 88, 20 gauge shotgun, bearing serial number MV28236N;

118. any and all magazines not otherwise specified; and

119. $17,273 in United States currency.

Defendant agrees that the listed assets were involved in the violation to which Defendant is pleading guilty.

11.     Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding, and further waives any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture or disposition of assets by the United States, the State of Oklahoma, or its subdivisions. Defendant knowingly and voluntarily consents to the entry of a final order of forfeiture before sentencing as to Defendant's interest in the assets.  Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Defendant in addition to forfeiture.

12.     Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with the forfeiture provided for herein. Defendant waives Defendant's right to notice of any forfeiture proceeding and agrees not to file a claim to any of the above-listed property or property involved in the underlying criminal conduct, or otherwise to contest forfeiture in any civil, administrative, or judicial proceeding that may be initiated.  Defendant further agrees not to assist others in filing a claim in a forfeiture proceeding or otherwise assist others who challenge a forfeiture action involving the above-listed property or property involved in the underlying criminal conduct.  Defendant also voluntarily and immediately waives all right, title, and interest in

13

Case 5:20-cr-00317-SLP   Document 70   Filed 03/31/21   Page 14 of 20

and to the above-listed property in order that appropriate disposition may be made by the appropriate federal or state law enforcement agency.

## Sentencing Guidelines

13.     The parties acknowledge that 18 U.S.C. § 3553(a) directs the Court to consider certain factors in imposing sentence, including the Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information known to the parties on the date that this Plea Agreement is executed, they expect to take, but are not limited to, the following positions at sentencing:

The parties agree Defendant should receive a two-level downward adjustment for Defendant's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), if Defendant commits no further crimes, does not falsely deny or frivolously contest relevant conduct, and fully complies with all other terms of this Plea Agreement. Further, to the extent the Court finds Defendant qualifies for that two-level downward adjustment and U.S.S.G. § 3E1.1(b) is applicable, the United States agrees to move for the additional one-level downward adjustment of § 3E1.1(b) if Defendant accepts the terms of this Plea Agreement by the deadline established in Paragraph 1.

The parties further agree to the following advisory Guidelines stipulations: (1) Defendant should receive an eight-level increase pursuant to U.S.S.G. § 2K2.1(b)(1)(D) as the offense involved 100-199 firearms; and (2) Defendant should receive a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6)(A) because he possessed a firearm while

14

leaving or attempting to leave the United States by transporting firearms from the United States to Mexico.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other Guidelines adjustments and sentencing factors for consideration by the United States Probation Office and the Court.

14.     The parties have entered into this Plea Agreement under the provisions of Rule 11(c)(1)(A) & (B).  Defendant acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or Defendant.  And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow Defendant to withdraw Defendant's plea of guilty.  Upon Defendant's signing of this Plea Agreement, the United States intends to end its investigation of the allegations in the Indictment, as to Defendant, except insofar as required to prepare for further hearings in this case, including but not limited to sentencing, and to prosecute others, if any, involved in Defendant's conduct.  The United States agrees to end any investigation directed specifically at the foregoing stipulations, agreements, or recommendations as to Defendant.  However, subject to the terms and conditions of this Plea Agreement and Plea Supplement, the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of its investigation after the signing of this Plea Agreement or arises from sources independent of the United States, including the United States Probation Office.

## <u>Waiver of Right to Appeal and Bring Collateral Challenge</u>

15.     Defendant understands that the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining Defendant's sentence.  Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which Defendant is pleading guilty.  Defendant further understands that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 give Defendant the right to appeal the judgment and sentence imposed by the Court.  Acknowledging all of this, and in exchange for the promises and concessions made by the United States in this Plea Agreement, Defendant knowingly and voluntarily waives the following rights:

a.      Defendant waives the right to appeal Defendant's guilty plea, and any other aspect of Defendant's conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

b.      Except as stated immediately below, Defendant waives the right to appeal Defendant's sentence as imposed by the Court, including any restitution, and the manner in which the sentence is determined.  If the sentence is above the advisory Guidelines range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal specifically the substantive reasonableness of Defendant's sentence;

c.      Defendant waives the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) Defendant's conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel.

16

Defendant acknowledges that these waivers remain in full effect and are enforceable, even if the Court rejects one or more of the positions of the United States or Defendant set forth in paragraph 13.

16.     Except as stated immediately below, the United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined.  If the sentence is below the advisory Guidelines range determined by the Court to apply to this case, this waiver does not include the right of the United States to appeal specifically the substantive reasonableness of the sentence.

### Waiver of FOIA and Privacy Act Rights

17.     Defendant waives all rights, whether asserted directly or by a representative, to request of or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including but not limited to records that Defendant may seek under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

### Obligations of Defendant

18.     Defendant shall commit no further crimes.  Should Defendant commit any further crimes, knowingly give false, incomplete, or misleading testimony or information, or otherwise violate any provision of this Plea Agreement, the United States will be released from any obligations, agreements, or restrictions imposed on it under this Plea Agreement, and the United States may prosecute Defendant for any and all of Defendant's federal criminal violations, including perjury and obstruction of justice.  Any prosecution within the scope of this investigation that is not time-barred by the applicable statute of

17

limitations on the date of the signing of this Plea Agreement may be brought against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of that prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

19.     The parties also recognize that if the Court determines Defendant has violated any provision of this Plea Agreement or authorizes Defendant to withdraw from Defendant's knowing and voluntary guilty plea entered pursuant to this Plea Agreement: (a) all written or oral statements made by Defendant to the Court or to federal or other designated law enforcement agents, any testimony given by Defendant before a grand jury or other tribunal, whether before or after the signing of this Plea Agreement, and any leads from those statements or testimony, shall be admissible in evidence in any criminal proceeding brought against Defendant; and (b) Defendant shall assert no claim under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule or law that those statements or any leads from those statements should be suppressed. Defendant knowingly and voluntarily waives Defendant's rights described in this paragraph as of the time Defendant signs this Plea Agreement.

## **Obligations of the United States**

20.     If Defendant enters a plea of guilty as described above and fully meets all obligations under this Plea Agreement, the United States will move to dismiss at sentencing Counts 4 and 7 of the Indictment and the United States Attorney's Office for the Western

District of Oklahoma will not further prosecute Defendant for any crimes related to Defendant's participation in any unlawful firearms dealing offense between March 13, 2020, and October 31, 2020, or in connection with his interstate travel to deal firearms without a license on or about September 18, 2020, and October 31, 2020. This Plea Agreement does not provide any protection against prosecution for any crime not specifically described above.

21.     Defendant understands that the sentence to be imposed upon Defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence Defendant will receive. The United States reserves the right to inform the United States Probation Office and the Court of the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant that the United States deems relevant to sentencing.

<h3 style="text-align:center;">Signatures</h3>

22.     By signing this Plea Agreement, Defendant acknowledges that Defendant has discussed the terms of the Plea Agreement with Defendant's attorney and understands and accepts those terms. Further, Defendant acknowledges that this Plea Agreement, in conjunction with the Plea Supplement filed contemporaneously under seal, contains the only terms of the agreement concerning Defendant's plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this 4ᵗʰ day of _March_, 2021.

**APPROVED:**

_Virginia L. Hines_

VIRGINIA L. HINES
Deputy Chief, Criminal Division

ROBERT J. TROESTER
Acting United States Attorney

_Ashley L. Altshuler_

ASHLEY L. ALTSHULER
WILSON D. McGARRY
STANLEY J. WEST
Assistant U.S. Attorneys
Western District of Oklahoma
210 Park Avenue, Ste. 400
Oklahoma City, Oklahoma 73102
(405) 553-8739 (Office)
(405) 553-8888 (FAX)

_Jorge Luis Villarreal_

JORGE LUIS VILLARREAL

_Julia Summers_

JULIA C. SUMMERS
Attorney for Defendant

20